UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON J. LEFTRIDGE, JR., *Plaintiff*, <br><br> v. <br><br> STATE OF CONNECTICUT JUDICIAL BRANCH *et al.*, *Defendants*. | No. 3:22-cv-411 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiff Vernon J. Leftridge, Jr., has filed this federal complaint *in forma pauperis* against the State of Connecticut Judicial Branch and other defendants. Because it appears that the complaint fails to state a plausible claim for relief, the Court shall require Leftridge to file an amended complaint by **April 13, 2022**.

### BACKGROUND

Leftridge has filed a handwritten complaint on a standardized "Civil Rights Complaint" template form that is often used by *pro se* plaintiffs to file federal court complaints.[1] The caption of the complaint names the following defendants: State of Connecticut Judicial Branch, Joan Andrews, Cassandra Williams, Andrea Gaines, Jane Doe, John Doe, and the Connecticut Department of Social Services.[2]

The complaint cites by name or statutory citation the following statutes: Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, the Connecticut Fair Employment Practices Act (CFEPA), the "Maryland Discrimination Act," and the "ADA Act of Maryland."[3]

---

[1] Doc. #1.
[2] *Id.* at 1.
[3] *Id.* at 2. The complaint does not reference CFEPA by name but cites its provisions including Conn. Gen. Stat. § 46a-60(b)(1), 46a-60(b)(4), and 46a-71.

1

Under a heading stating "NATURE OF THE CASE," Leftridge alleges the following facts:

> I filed a CHRO complaint against defense. I believe that defendants while acting under color of authority and state laws of Maryland and Connecticut intentionally violated State of Maryland statu[t]es, Connecticut [statutes], my federally protected ADA (Americans with Disabilities) rights, federal protected civil rights. On or about June 2019, I filed complaints and grievances against defendants for ADA violations, spoilation of material evidence and retaliation. After filing complaints defendants retaliated and intentionally violated my ADA rights and civil rights.[4]

The form complaint then includes a heading for "CAUSE OF ACTION" and sub-headings for "Claim I," "Claim II," and "Claim III."[5] The complaint form advises that a plaintiff should identify the rights he alleges to have been violated and allege facts that form the basis for the allegations, noting that the plaintiff should "[i]nclude all facts you consider important, including names of persons involved, places, and dates," and that the plaintiff should "[d]escribe exactly how each defendant is involved" and "[s]tate the facts clearly in your own words without citing legal authority or argument."[6]

The complaint does not include any factual allegations for any of the claims. Instead, for each claim, Leftridge states: "See Attached Plaintiffs Exhibits 1-6 (ONE THRU SIX)."[7]

Attached to the complaint is a 31-page compilation of documents that are labeled as Plaintiff's Exhibits 1 through 6.[8] I will describe each exhibit in turn.

Plaintiff's Exhibit 1 is a one-page "Release of Jurisdiction" issued on December 22, 2021 by the State of Connecticut Commission on Human Rights and Opportunities (CHRO) and that authorizes Leftridge to bring an action in Connecticut Superior Court against the State of

---

[4] *Id.* at 3 (capitalization normalized and brackets added).
[5] *Id.* at 3–4.
[6] *Id.* at 3.
[7] *Id.* at 3–4.
[8] Doc. #1-1.

2

Connecticut Judicial Branch in accordance with Conn. Gen. Stat. § 46a-100.[9] It says nothing about authorizing a claim for relief in a federal court against the State of Connecticut Judicial Branch.

Plaintiff's Exhibit 2 is a CHRO "Affidavit of Illegal Discriminatory Practice" filed by Leftridge on September 13, 2021.[10] It alleges in substance that he filed a *pro se* brief on appeal to the Judicial Branch on November 30, 2020 but that his documents were not accepted for filing and that his appeal was not timely heard. Leftridge claims these adverse actions were because of his race and disability.

Plaintiff's Exhibit 3 is a CHRO "Amended Complaint" on behalf of Leftridge that is unsigned and undated.[11] It alleges in substance that Williams and Gaines withheld his financial affidavit and other documents from a family support magistrate and that a deputy chief clerk improperly returned to him a timely filed pre-appeal motion for review. Leftridge claims these adverse actions were because of his gender, his disability, and in retaliation for prior complaints he filed.

Plaintiff's Exhibit 4 is another unsigned and undated CHRO "Amended Complaint" on behalf of Leftridge.[12] It alleges in substance that Williams and the Judicial Branch violated Leftridge's rights under the ADA and HIPPA by disclosing his private health information to other public employees and attorneys without his consent, and that Williams later denied his FOIA requests because he is male.

Plaintiff's Exhibit 5 is another CHRO document dated December 17, 2021 that bears the title: "COMPLAINANT'S REBUTTAL TO RESPONDENT'S 2ND ANSWER, RESPONSE

---

[9] *Id.* at 1.
[10] *Id.* at 2–5 (Pl. Ex. 2).
[11] *Id.* at 6–8 (Pl. Ex. 3).
[12] *Id.* at 9–10 (Pl. Ex. 4).

AND OBJECTION TO 1ST AMENDED COMPLAINT."[13] This document includes lengthy argument in support of Leftridge's claims before the CHRO.

Plaintiff's Exhibit 6 is a CHRO "Amended Complaint" signed and dated by Leftridge on November 18, 2021.[14] It appears to be the same in substance as the undated and unsigned document that has been filed as Plaintiff's Exhibit 4.

## DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious" or if it otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Leftridge has an opportunity to file an amended complaint that responds to the concerns stated in this ruling.

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

---

[13] *Id.* at 11–29 (Pl. Ex. 5).
[14] *Id.* at 30–31 (Pl. Ex. 6).

The point of Rule 8 is to relieve the Court and defendants alike of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Leftridge has not filed a complaint that complies with Rule 8. In the complaint form itself, he has not alleged facts that identify any particular claim or that establish plausible grounds for relief. Instead, he has cited numerous statutes and then references by incorporation a collection of six different CHRO documents. I cannot tell from this jumble of documents precisely what claims against which defendants Leftridge wishes to pursue.

Moreover, it is unclear to me from the jumble of documents filed by Leftridge whether the complaint complies with the limits on permissive joinder of claims against multiple defendants under Rule 20 of the Federal Rules of Civil Procedure. Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

I will allow Leftridge to file an amended complaint. For each claim, the amended complaint must identify the law that Leftridge alleges was violated and then must allege specific facts as to each defendant that plausibly show that each defendant has violated the law. It is not enough for Leftridge to simply list numerous laws and then task the Court and the parties alike with fishing through a stack of document exhibits in search of facts that might support a claim that any particular defendant has violated one or more of these laws.

A review of court records and Westlaw reflect that Leftridge is an experienced *pro se* plaintiff. It is not too much to ask that he comply with basic rules of pleading.

In addition, the Eleventh Amendment and judicial immunity principles broadly preclude claims against the Connecticut Judicial Branch and judicial branch employees from proceeding in a federal court. *See generally Campbell v. City of Waterbury*, 2022 WL 393985 (D. Conn. 2022). Before deciding whether to pursue his claims in federal court, Leftridge should carefully consider to what extent these doctrines may foreclose his claims and whether any such claims instead should be pursued in state court.

## CONCLUSION

Because the complaint does not appear to allege facts that establish plausible grounds for relief from a federal court, it appears that the complaint may be subject to dismissal. But if Leftridge has grounds to file an amended complaint that overcomes the concerns stated in this ruling and that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure, then he may file an amended complaint not later than **April 13, 2022**.

It is so ordered.

Dated at New Haven this 23d day of March 2022.

                                              /s/ *Jeffrey Alker Meyer*
                                              Jeffrey Alker Meyer
                                              United States District Judge